## M. F. Gillen Lumber Co. v. Wilkinson

*McWilliams, Margolis & Coppersmith* and *Vasil Fisanick*, for exceptant.

*Harold Kaminsky*, contra.

McDONALD, J., September 17, 1962.—M. F. Gillen Lumber Co. obtained a judgment against defendant, H. W. Wilkinson, trading as Cresson Lumber Company, to no. 180 September term, 1960, and a writ of fi. fa. was issued to no. 5 September term, 1960, execution docket. A sheriff's sale was held April 11, 1962, and the fund realized from this sale, after deduction of costs, is in the amount of $329.67.

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Employment Secu-

rity, to the use of the Pennsylvania Unemployment Compensation Fund, on March 23, 1962, entered its lien against Cresson Lumber Company in the amount of $714.23, for unemployment compensation contributions, interest and penalties.

The sheriff's schedule of distribution awarded the balance of proceeds from the sale to M. F. Gillen Lumber Co. Exceptions to the distribution were filed by the Commonwealth and argued before the court en banc.

The question involved is a simple one. Is the lien of the Commonwealth of Pennsylvania for delinquent unemployment compensation contributions entitled to a priority in the distribution of a sheriff's fund realized from the sale of the delinquent employer's personal property?

In our opinion, the Commonwealth has a priority even though, as in this case, its lien was entered later than other liens of record. The contributions owed the Commonwealth are given a special preference, ". . . and shall first be allowed and paid out of the proceeds of such sale in the same manner and to the same extent that State taxes are paid": Act of December 5, 1936, P. L. (1937) 2897, art. III, sec. 308.1 as amended, 43 PS 788.1. Under the Fiscal Code of April 9, 1929, P. L. 343, sec. 1401, as amended and reenacted, 72 PS §1401, "All state taxes imposed under the authority of any law of this Commonwealth . . . shall be a first lien upon the franchises and property, both real and personal . . . sold at a judicial sale, all taxes, interest, bonus, penalties and public accounts due the Commonwealth shall first be allowed and paid out of the proceeds of such sale before any judgment, mortgage, or any other claim or lien against such corporation . . ."

We are satisfied, therefore, the balance of the fund, which is in an amount less than the Commonwealth lien, must be awarded to the Commonwealth and the schedule of distribution amended accordingly.

*Order*

Now, September 17, 1962, after argument, the exceptions of the Commonwealth of Pennsylvania, Department of Labor and Industry, to the sheriff's schedule of distribution, are sustained, and the sheriff is directed to amend the said schedule of distribution by awarding the balance of the fund to the exceptant.